# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DILMPA COWAN, et. al.,** ]<br>    **Plaintiffs,** ] | |
| **v.** ] | |
| **TALLADEGA HEALTHCARE** ]<br>**CENTER, INC.,** ]<br>    **Defendant.** ] | CV-06-BE-0910-E |

## MEMORANDUM DECISION

This case alleges violations of the Fair Labor Standards Act ("FLSA"), 216 U.S.C. 216, *et seq.*, and is before the court on "Defendant's Motion to Dismiss Additional Consent Plaintiffs on Various Grounds" (doc. 63). This court will GRANT the motion for the reasons stated below.

### Standard of Review

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a). A Plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969. In evaluating a motion to dismiss,

the court assumes that all factual allegations set forth in the complaint are true, *see United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the Plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). To succeed on a motion to dismiss under Rule 12(b)(6), therefore, a Defendant must demonstrate that the Plaintiff has failed to give sufficient notice of a proper claim and the grounds upon which that claim rests.

<u>Plaintiffs Dismissed - Statute of Limitations</u>

The court dismisses the following Plaintiffs because, as Plaintiffs have acknowledged in the "Response to Defendant's Motion to Dismiss" (doc. 64), their claims fall outside the statute of limitations set by the FLSA:

(1)  Dandrina Baird
(2)  Tricia Calhoun
(3)  Shanika Harmon
(4)  Cassandra Jenkins
(5)  Lawanda Lynch
(6)  Jessica Perkins
(7)  Chasity Pouge
(8)  Sandrika President
(9)  Quantunya Simmons
(10) Wendy Tucker-Aquilar
(11) Latonical Wright

*See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)(the statute of limitations for FLSA bars claims arising more than two years after action accrual, except in cases of willful violations, where a three year period applies).

<u>Plaintiffs Dismissed - *De Minimis* Violations</u>

Defendant also moves for the dismissal of thirty-five additional opt-in Plaintiffs, arguing that these claims are *de minimis* and, therefore, not compensable under the FLSA. The class allegations include a claim that Plaintiffs were not paid at an overtime rate for all time worked during meal periods and that additional work during meal periods caused Plaintiffs to exceed

eight hours in a single day or eighty hours in a 14-day period.  The calculations that Plaintiffs' counsel provided reflect that the thirty-five Plaintiffs performed occasional work during lunch breaks and that, when viewed in the light most favorable to Plaintiffs, the maximum damages that each of these Plaintiffs claims range from $4.35 to $56.18.

The Supreme Court established the "*De Minimis* Rule" in *Anderson v. Mt. Clemens Pottery Co.*, recognizing that otherwise compensable activity can be too small to allow recovery under the FLSA:

> When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded.  Split second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act.  It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.

328 U.S. 680, 692, 66 S. Ct. 1187, 1190, 90 L. Ed. 1515, 1525 (1946) *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972); *Dunlop v. City Electric, Inc.*, 527 F.2d 394, 398-9 n. 7 (5th Cir. 1976).  When applying the *de minimis* rule in FLSA cases, courts have acknowledged that this rule cannot be applied "with mathematical certainty." *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984)(citing *Frank v. Wilson & Co.*, 172 F.2d 712, 716 (7th Cir. 1949); *Nardone v. General Motors, Inc.*, 207 F. Supp. 336, 341 (D.N.J. 1962)).  The rule does not rigidly prescribe a certain number of minutes per day below which constitutes *de minimis* time.  *Id.*  Rather, courts apply common sense to the facts of each case and consider the following factors:

> (1) the practical administrative difficulty of recording the additional time;
> (2) the aggregate amount of compensable time; and
> (3) the regularity of the additional work.

*Davis v. Charoen Pokphand, Inc.*, 302 F. Supp. 2d 1314, 1323 (M.D. Ala. 2004)(quoting *Lindow*

*v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984)).

After weighing the factors delineated in *Davis* and *Lindow*, the court finds that the claims for damages brought by the thirty-five Plaintiffs identified in Defendant's motion fall within the *de minimis* rule and, therefore, are not recoverable under the FLSA. Plaintiffs' counsel acknowledges that, even when viewed in the light most favorable to Plaintiffs, the damages claimed range from $4.35 to $56.18. (These damage sums are indeed minimal given the fact that the filing fee to bring an FLSA suit in federal court is $350.00.) Common sense dictates that the employee's performance of occasional tasks during lunch breaks that add up to less than $60.00 in compensable time represents just the sort of "split second absurdities" that the Supreme Court found to be unjustified by the policy of the FLSA. Accordingly, this court will dismiss the following Plaintiffs whose claims are *de minimis*:

  (1) Lisa Ambrester
  (2) Tenekia Armstrong
  (3) Jaymes Askew
  (4) Jonathan Boyd
  (5) Audrena Brown
  (6) Linda Calhoun
  (7) Pamela Calhoun
  (8) Autumn Casas-Silva
  (9) Rasha Chatman
  (10) Paula Coleman
  (11) Mavis Cook
  (12) Kelli Crim
  (13) Ernest Cunningham
  (14) Tierra Curry
  (15) Chiquita Dates
  (16) Mira Estell
  (17) Lashanda Gamble
  (18) Myekeela Garrett
  (19) Cassandra Greene
  (20) La'Kresha Johnson
  (21) Cynthia Moon
  (22) Dorothy Morris
  (23) Alicia Patterson

(24) Tiffany Perkins
(25) Donqquaries Ragan
(26) Temeka Reid
(27) Betty Rutledge
(28) Tamika Smith
(29) China Stockdale
(30) Tasha Swain
(31) Thomas Taul, Jr.
(32) Katoya Truss
(33) Martha Warren
(34) Darea Whitson
(35) Tara Whitson

A separate order will be entered consistent with this opinion.

Dated this 5th day of December, 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE